# CIRCUIT COURT OF THE CITY OF RICHMOND

McWane, Inc.

v.

Virginia Department of Taxation

May 23, 1997

Case No. LB-1623-1

BY JUDGE RANDALL G. JOHNSON

I have read the written submissions and the cases cited, and I have considered the submissions and cases together with the evidence and arguments presented in court on May 19. Judgment will be for McWane, Inc.

Virginia Code § 58.1-1825 provides that in this type of proceeding, "[i]t shall be the burden of the applicant ... to show that the assessment or collection complained of is erroneous or otherwise improper." In the context of this case, this means that McWane must prove that its only business activities in Virginia for the years in question were the solicitation of orders for interstate sales and activities "ancillary" to such solicitation, *or* that any activities beyond such solicitation and activities ancillary to such solicitation were "de minimis." *See* 15 U.S.C. § 381; *Wisconsin Dept. of Revenue v. Wrigley Co.*, 505 U.S. 214, 112 S. Ct. 2447, 120 L. Ed. 2d 174 (1992). It does not mean that McWane must specifically negate every suggestion that it engaged in nonancillary activities that were not "de minimis."

Businesses engage in an infinite number of activities. Solicitations of orders for sales and activities ancillary to such solicitations are only a small fraction of those activities. To require McWane or any applicant for tax relief under 15 U.S.C. § 381 to affirmatively state each activity that it does *not* engage in in Virginia and to prove that each such statement is true would create an impossible burden on McWane and other applicants for relief. All

McWane or any such applicant can do, and all McWane or any such applicant can be required by law to do, is to affirmatively allege and prove what activities it *does* engage in in Virginia. If the applicants's proof establishes a prima facie case that all of its activities in Virginia consist of the solicitation of orders for interstate sales and activities ancillary to such solicitation, or that any activities beyond such solicitation and activities ancillary to such solicitations are de minimis, the burden then shifts to the Department of Taxation to present evidence of the applicants having engaged in nonsolicitation and nonancillary activities which are more than de minimis. Such burden shift, however, is a shift only in the burden of going forward with evidence. The burden of proof, as is made clear in Va. Code § 58.1-1825, remains with the applicant.

Applying the above principles here, the court finds that McWane has carried its burden of proving that whatever activities it engaged in in Virginia other than the solicitation of interstate sales and activities ancillary to such solicitation were de minimis within the meaning of the *Wrigley* case. Gary Kurtz, a McWane sales representative, testified that everything he did in Virginia, including using a screwdriver and chisel to show customers how they could remove excess cement around a pipe's installation points, was done as part of his efforts to solicit sales. Plaintiff's Exhibit 5, which is a letter from McWane's assistant controller to the Department, is further proof that all of McWane's activities in Virginia are exempt from taxation under 15 U.S.C. § 381 as interpreted by *Wrigley*. In short, McWane's evidence established a prima facie case in favor of McWane. It then became the Department's burden to present evidence to the contrary.

The only evidence presented by the Department was the testimony of William White, a senior tax analyst with the Department. Mr. White testified that two activities of McWane constituted nonsolicitation and nonancillary activities during the years in question: visits by sales representatives to customers' work sites and repairs made by sales representatives. Neither of those activities rebuts McWane's prima facie case.

With regard to work-site visits, such visits are not enough to remove 15 U.S.C. § 381's protection:

It is obviously impossible to make a request [for purchases] without some accompanying action, such as placing a phone call *or driving a car to the customer's location.*

*Wrigley*, 505 U.S. at 226. Such activity was held by the Court to be ancillary.

With regard to repairs, the only evidence in the record is Mr. Kurtz's testimony and Mr. Barrett's letter. Nothing in either of those items of evidence rebuts the prima facie case established by those same items. In fact, the only parts of the evidence which in any way suggest that more than de minimis nonsolicitation activities took place in Virginia are Kurtz's testimony that he showed customers how to remove cement from pipes and the statement in Barrett's letter that "[a] valve and hydrant salesman may actually assist in a 'repair' in his sales territory five or six times a year" by "remov[ing] a few bolts and replac[ing] a gasket in a fire hydrant." The court has already found that Kurtz's showing customers how to remove cement from pipes in the manner he described is ancillary to his solicitation of sales. The only remaining question, then, is whether the repair of fire hydrants as described in Mr. Barrett's letter is the solicitation of sales or an activity ancillary to such solicitation or, if not, whether such activity is de minimis.

In this regard, the court notes that while Barrett's letter suggests that some of the five or six annual repairs of fire hydrants take place outside of Virginia ("Virginia is now in the territory of a salesman who resides in another state. Each valve and hydrant salesman covers approximately four states as his sales territory. A valve and hydrant salesman may actually assist in a 'repair' *in his sales territory* five or six times a year.") (emphasis added), he never actually says so. Since the burden of proof is on the applicant, the lack of evidence on how many repairs were actually performed in Virginia must be held against McWane. Thus, the court will assume for purpose of its holding that all of those repairs occurred in Virginia.

Further, the court finds that the repairs described in Barrett's letter are not the solicitation of sales or an activity which is ancillary to the solicitation of sales:

> Repair and servicing may help to increase purchases; but it is not ancillary to requesting purchases, and cannot be converted into "solicitation" by merely being assigned to salesmen.

*Id.,* 505 U.S. at 229.

Still, the court finds that the repairs described in Barrett's letter are de minimis:

> Whether a particular activity is a de minimis deviation from a prescribed standard must, of course, be determined with reference to the purpose of the standard. Section 381 was designed to increase — beyond what *Northwestern States [Portland Cement Co. v.*

*Minnesota,* 358 U.S. 450, 79 S. Ct. 357, 3 L. Ed. 2d 421 (1959)] suggested was required by the Constitution — the connection that a company could have with a State before subjecting itself to tax. Accordingly, whether in-state activity other than "solicitation of orders" is sufficiently de minimis to avoid loss of the tax immunity conferred by § 381 depends upon whether that activity establishes a nontrivial additional connection with the taxing state.

*Id.,* 505 U.S. at 232.

In the case at bar, McWane's total repair activity in Virginia consisted of the removal of "a few" bolts to replace a fire hydrant gasket five or six times a year. When considered in light of McWane's taxable income for the years in question, which ranged from a low of $6.4 million in 1991 to a high of $40.8 million in 1993, the Department's argument that such repair activity is more than de minimis must fail:

> [T]he venerable maxim *de minimis non curat lex* ("the law cares not for trifles") is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept ... . It would be especially unreasonable to abandon normal application of the de minimis principle in construing § 381, which operates in such a stark, all-or-nothing fashion: A company either has complete net-income tax immunity or it has none at all, even for its solicitation activities. Wisconsin's reading of the statute renders a company liable for hundreds of thousands of dollars in taxes if one of its salesmen sells a 10-cent item in state.

*Id.,* 505 U.S. at 231.

While McWane's assessed tax liability in this case is roughly $46,000 as opposed to the "hundreds of thousands of dollars" in *Wrigley,* the above-stated principle is still true. McWane's repair activity is nothing more than an accommodation to its customers. While that activity cannot be said to actually be a solicitation of interstate sales or even an activity ancillary to such a solicitation, it still fails to establish a "nontrivial additional connection with" Virginia. Accordingly, all of McWane's activities in Virginia for 1990 through 1993 are protected by 15 U.S.C. § 381, and Virginia's Department of Taxation erroneously assessed the taxes at issue.